IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED

FEB 27 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

| | |
|---|---|
| DIANA WILLIS, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. |
| MAXIMUS, INC., | ) CIV-15-201 M |
| Defendant. | ) |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is a civil action asserting causes of action for employment discrimination and retaliation prohibited by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.*, ("ADEA").

### II. PARTIES

2. Plaintiff, Diana Willis ("Willis"), is an individual citizen and resident of the United States, and at all times relevant was a resident of Oklahoma City, Oklahoma, within the Western District. Willis was employed and discharged from employment by Defendant in Oklahoma City, Oklahoma, within the Western District of Oklahoma.

3. Defendant, MAXIMUS, Inc. ("MAXIMUS"), is a foreign for-profit business corporation which has its headquarters and principal place of business in Virginia.

## III. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 626(c) and § 216(b).

5. Venue is proper under 28 U.S.C. § 1391(b) and (c), and 29 U.S.C. § 626(c) and § 216(b).

## IV. CONDITIONS PRECEDENT

6. On or about August 4, 2014, Willis timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant discriminated against her based upon her age and retaliated against her for complaining of age discrimination.

7. On or about September 2, 2014, Willis filed a perfected EEOC charge which was mailed to MAXIMUS by the EEOC on September 3, 2014.

8. Willis has exhausted her administrative remedies as to her age discrimination claim. The EEOC issued Willis a notice of right to sue dated December 3, 2014, and she is filing this lawsuit within ninety (90) days of her receipt of said notice.

## V. FACTUAL ALLEGATIONS

9. MAXIMUS is an employer engaged in interstate commerce or activities affecting interstate commerce. MAXIMUS has facilities across the United States and in Canada, Australia, the United Kingdom, and Saudi Arabia. MAXIMUS had over 9,000

employees during all times relevant herein.

10. MAXIMUS provides operational management and technology services to local, state, and federal governmental agencies in the areas of health and human services. Since October 1, 2012, MAXIMUS has operated a call center for the Oklahoma Medicaid program which is called Oklahoma SoonerCare.

11. The Oklahoma Health Care Authority ("OHCA") administers the Oklahoma SoonerCare program which provides health care coverage to clients covered by Medicaid. The call center operated by MAXIMUS for the OHCA offers information on health care options to members and participants of SoonerCare. The call center also handles incoming calls and facilitates and coordinates interactions between health care providers, allied agencies and organizations, and other interested parties.

12. MAXIMUS also operates Tier 2, a program made up of sixteen (16) Customer Service Representatives who are co-managed by MAXIMUS and the OHCA. Willis was supervised by both Angela Fairchild, a representative of MAXIMUS; and Carol Drake, a representative of the OHCA. Willis was jointly employed by both MAXIMUS and OHCA and each is separately liable for the discrimination against Willis because of her age.

13. MAXIMUS is a covered employer under the ADEA. It has had the requisite number of employees, i.e., over twenty employees for each week during 2013, and 2014, and has consistently engaged in interstate commerce within and between

numerous states in the United States during the entire time period relevant to this lawsuit.

14. Willis's year of birth is 1962, and she was almost 52 years of age at the time of her discharge by MAXIMUS on or about May 20, 2014.

15. Willis was initially hired on August 19, 2013, as a Customer Service Representative to work at the call center for Oklahoma SoonerCare. She was qualified for the position for which she was hired based upon her education and prior work experience in insurance claims.

16. In April 2014, Willis received a rating of "4" (out of the highest possible rating of "5") in the categories of Customer Focus; Communication; Quality of Work; Planning and Organizing; Results Orientation; Innovation and Improvement; and Teamwork and Attitude. Her overall performance rating was 3.78, and she clearly met the expectations for her position.

17. In March 2014, Fairchild told Willis she could not run in a marathon sponsored by HCA because she was too old, smoked, and was a liability.

18. Willis complained abut the statement and subsequently sent Fairchild an email asking why a much younger employee, Adriana, who was in her twenties, could play on the OHCA softball team but Willis was not allowed to participate in the marathon.

19. Thereafter, in April, Willis periodically asked Fairchild why she had not

responded to Willis's inquiry concerning why she had not been allowed to participate in the marathon because she was 51 years old, but Adrianna could play on the softball team.

20. At the end of April and after Plaintiff's complaints of age discrimination, Willis was given a score of 80% on her weekly audit, when all prior audits had been 95% to 100%. When Willis asked why she received an 80%, she was told it was because she had placed a member on hold. This reason was clearly pretextual, however, as the supervisor, Carol Drake with the Oklahoma Health Care Authority, had refused to help Willis with the call. When Willis complained to Drake about the score based upon Drake's failure to assist, Drake wrote back, "just your luck lol."

21. During May 2014, Drake continued over-scrutinizing Willis's work performance and unjustifiably criticized her work performance. Willis was given 80% on workflow audit.

22. During a meeting in the third week of May 2014, with Drake and Fairchild, Drake complained that Willis was "slow" in handling a call. Willis explained this was due to the system not functioning properly. Drake indicated that she did not believe Willis, but other processors were having to take their systems down at the same time.

23. During the fourth week in May, Willis was terminated from employment on or about May 20, 2014.

24. MAXIMUS subjected Willis to discriminatory treatment because of her age and retaliated against her for complaining of age discrimination, including, without limitation, termination from employment.

25. All adverse actions described herein, and taken by MAXIMUS against Willis, including without limitation, her discharge, were done intentionally, willfully, or in reckless disregard for her legal rights. MAXIMUS has a written policy stating it will not discriminate against its employees because of age. Nonetheless, it willfully and knowingly took adverse employment-related actions against Willis because of her age and retaliated against her for complaining of age discrimination..

26. At the time of her termination, Willis's rate of pay was approximately $34,000 per year. In addition, Willis was eligible for significant fringe benefits, including paid vacation, medical insurance, short and long term disability insurance, and life insurance coverage. As a result of MAXIMUS's wrongful actions, Willis has suffered a loss of employment; loss of career path and seniority; and loss of compensation and benefits.

## VI. FIRST CAUSE OF ACTION: VIOLATION OF THE ADEA

27. Willis incorporates hereunder by reference paragraphs 1-26, as set forth above.

28. Willis was over age 40 (almost 52) at the time she was subjected to the discriminatory treatment, including discharge, described in ¶¶ 17 and 20-23, above.

29. Willis was fully qualified to perform the job duties for which she was hired.

30. Willis was treated less favorably than younger employees and/or employees who had not complained of age discrimination, including, without limitation, being denied participation in employer-sponsored activities, having her work performance over-scrutinized, being denied assistance, being unduly criticized, and being terminated.

31. MAXIMUS alleges Willis was not terminated but instead voluntarily resigned her employment on or about May 20, 2014. Willis denies that she voluntarily resigned her employment, and that she was discharged or constructively discharged by MAXIMUS.

32. A determining factor in all of MAXIMUS's adverse actions toward Willis including her discharge, was her age, and retaliation for complaining of age discrimination, in violation of the ADEA. As a result of MAXIMUS's adverse actions, Willis suffered the losses and damages described in ¶ 26, above.

33. MAXIMUS's violations of the ADEA were willful.

34. Willis is entitled to all remedies and relief afforded by the ADEA, including, without limitation, back pay, liquidated damages, reinstatement or front pay, costs, expenses, and a reasonable attorneys' fee in bringing this action, as well as pre-judgment and post-judgment interest.

## VII. JURY TRIAL REQUESTED

35. Willis is entitled to a jury trial under the ADEA and hereby requests a jury trial.

36. Plaintiff's Complaint was prepared by Raymond C. Durbin (OBA No. 2554), Attorney at Law, 601 NW 13th Street, Oklahoma City, Oklahoma 73103. Plaintiff is proceeding Pro Se on this matter.

## VIII. PRAYER FOR RELIEF

37. Willis prays for judgment against MAXIMUS as follows:

    A. Payment of back wages, benefits, and compensation;

    B. Reinstatement to her former job position, or alternatively, appropriate future pay, including all wages, benefits and compensation;

    C. Liquidated damages;

    D. Declaratory and injunctive relief as appropriate;

    E. Pre-judgment and post-judgment interest on all sums recovered by Plaintiff; and,

    F. Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

_Diana Willis_
DIANA WILLIS, Pro Se
7449 NW 7th Street
Oklahoma City, OK 73127
Phone: (405) 889-4535

**JURY TRIAL DEMANDED.**